### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DEREIA MAGEE**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 1:09cv620HSO-JMR**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Dereia Magee's Objection [19] to the Report and Recommendation [18] of Chief United States Magistrate Judge John M. Roper entered in this cause on October 14, 2010. Also before the Court is Plaintiff's Motion to Reverse or Remand [11] the findings of the Administrative Law Judge (ALJ). The Court has conducted a *de novo* review of the record and concludes that Plaintiff's' Objection should be overruled, that the Magistrate Judge's Report and Recommendation should be adopted, and that this case should be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

On December 28, 2001, Plaintiff, through his mother Joy Magee, protectively applied for Supplemental Security Income benefits ("SSI") for a period of disability, and for childhood disability benefits. In the application, Plaintiff claims that he became disabled on November 8, 1999, due to attention-deficit hyperactivity disorder ("ADHD") and amniotic bands he was born with which required surgery. Plaintiff's claim was initially denied, and denied again upon reconsideration. Plaintiff requested, and was afforded, a hearing before an ALJ. The ALJ

determined that Plaintiff was not disabled within the meaning of the Social Security Act.

On appeal, the Appeals Council remanded the case to the ALJ with instructions to perform a more thorough evaluation of Plaintiff's treating psychiatrist's opinion and the relevant state agency findings.  The ALJ conducted another hearing, and on October 19, 2007, once again determined that Plaintiff was not disabled.  On May 1, 2009, the Appeals Council denied Plaintiff's request for review of that decision.  On June 10, 2009, after Plaintiff submitted additional evidence, the Appeals Council again denied Plaintiff's request for review, making the ALJ's October 19, 2007, determination the "final decision" of the Commissioner.  On August 12, 2009, Plaintiff filed his Complaint in this Court, seeking judicial review of the ALJ's determination pursuant to 42 U.S.C. 405(g).

In this proceeding, Plaintiff challenges only the ALJ's denial of benefits based upon his ADHD, and does not pursue any claim for alleged physical impairment due to the amniotic bands.  Plaintiff argues that the ALJ erred in rejecting the findings of his treating psychiatrist, Dr. Kevin Passer, and in failing to apply the factors of 20 C.F.R. 404.1527(d) in evaluating the relevant medical opinions.  After a review of the record, the Magistrate Judge concluded that the ALJ did not err as a matter of law in reaching the "final decision" in this matter, and that her decision was supported by substantial evidence.

II.  <u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a

2

magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).  In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1997).

Upon review, the ALJ's determination that a claimant is not disabled will be upheld if the findings of fact upon which such determination is based are supported by substantial evidence in the record as a whole, and the determination was reached through the application of proper legal standards.  42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  The United States Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," being "more than a scintilla, but less than a preponderance."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the ALJ's decision.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

All evidentiary conflicts are resolved by the ALJ, and if substantial evidence is found to support the decision, then the decision is conclusive and must be affirmed, even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d

3

614, 617 (5th Cir. 1990).  On appeal, the court may not re-weigh the evidence, try

the case *de novo*, or substitute its own judgment for that of the ALJ, *Hollis v.*

*Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds the evidence

preponderates against the decision, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir.

1994).  In short, conflicts in the evidence are for the ALJ to resolve, not the courts.

*Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

## III.  DISCUSSION

Plaintiff has filed a nineteen page Objection to the Magistrate Judge's Report

and Recommendation.  Fourteen of those nineteen pages are identical to his

Memorandum in Support of Motion to Reverse or Remand.  "Parties filing objections

must specifically identify those findings objected to."  *Battle*, 834 F.2d at 421

(*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).  "[T]he

failure to pinpoint those portions of the magistrate judge's Report that the district

court must specifically consider bars the party from a *de novo* determination by the

district judge of an issue covered in the report."  *Tolliver v. Wilkinson*, No. 04-2498,

2005 WL 4658520, at *1 (E.D. La. 2005).

Plaintiff does not contest the Magistrate Judge's factual findings, Mem. in

Supp. of Obj. at p. 6 ("Plaintiff, having found little utility in arguing facts on appeal,

has neither space nor inclination to address the extensive factual arguments urged

by the Magistrate's Report and Recommendation"), but instead objects to the

following "errors of law and procedure": (1) that Plaintiff's treating physician's

findings regarding Listing 112.11A and B were not refuted by any medical opinion

provided by any treating or examining physician; (2) even if the treating physician's

findings were inconsistent with the record, the ALJ was required pursuant to 20

C.F.R. 404.15(e)(1) to recontact the treating physician by telephone or in writing to

attempt to resolve the perceived inconsistencies; (3) that the ALJ was required to

weigh medical source statements pursuant to 20 C.F.R. § 404.1527(d), on grounds

that there was no contrary medical opinion on the issues at bar; and (4) that a

claimant's noncompliance with treatment is not a *per se* bar to award of benefits

pursuant to 20 C.F.R. 404.1530, 416.930.

1.     *Whether the ALJ's Determination that Plaintiff's Impairment did not Meet the Criteria of Listing 112.11 was Based Upon Substantial Evidence*

Plaintiff concedes that the Magistrate Judge addressed his primary

argument, and cites to the Magistrate's finding:

> Plaintiff's contention that the ALJ reached his [sic] conclusions without
> any expert opinion of a treating or examining physician controverting
> that of Dr. Passer is simply incorrect, as is Plaintiff's assertion that the
> ALJ's opinion is not supported by substantial evidence.  Not only did the
> ALJ rely on the opinion of examining psychologist Dr. Lubin, but the ALJ
> also considered the treatment notes of Dr. Passer and the observations of
> examining psychologist Dr. McCarthy.  Furthermore, the ALJ analyzed
> the opinions of the reviewing state agency physicians, as well as the
> testimony of Plaintiff, his mother, and statements of his teachers.

Rep. and Rec. at p. 18.  However, Plaintiff argues that "the question at issue is

whether plaintiff's condition met the criteria of Listing 112.11A and B."  Mem. in

Supp. of Obj. at p. 8.  Plaintiff contends that the treating physician, Dr. Passer,

found marked or extreme limitations based upon all of the criteria of Listing 112.11,

5

and that the record is devoid of medical evidence to the contrary.  *Id.* at 9.

As the Court appreciates Plaintiff's argument, his primary disagreement is with the ALJ's finding that Plaintiff's condition did not meet or medically equal one of the listed impairments found at 20 C.F.R. pt. 404, subpt. P., App. 1, specifically Listing 112.11, as opposed to the ALJ's finding that Plaintiff's condition was not functionally equivalent to an impairment.  After determining that a claimant is not engaged in substantial gainful activity, and that the claimant has an impairment or combination of impairments which are severe, an ALJ, in making a childhood disability determination, must decide whether the impairment meets, equals, or is functionally equivalent in severity to, a listed impairment.  20 C.F.R. §§ 416.924, 416.926, 416.926(a).   A determination as to whether an impairment meets or equals a listed impairment differs from a determination as to whether the impairment is functionally equivalent in severity to a listed impairment.[1]  *Id.*

In determining whether Plaintiff's impairment met or medically equaled a listed impairment, the ALJ was to refer to Listing 112.11.  Listing 112.11 provides:

> Attention Deficit Hyperactivity Disorder: Manifested by developmentally

---

[1]Whether the impairment equals a listed impairment is determined by considering the medical evidence in connection with the requirements of the applicable listing.  20 C.F.R. § 416.926.  If the impairment does not actually equal a listed impairment, it must be determined whether the impairment or combination of impairments "functionally" equals the requirements of any listed impairment.  20 C.F.R. § 416.926a.  This analysis requires a marked limitation in two, or an extreme limitation in one, of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).

inappropriate degrees of inattention, impulsiveness, and hyperactivity.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A.   Medically documented findings of all three of the following:
1.   Marked inattention; and
2.   Marked impulsiveness; and
3.   Marked hyperactivity;

AND

B.   . . . for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. pt. 404, subpt. P., App. 1 § 112.11.

The relevant provision of Listing 112.02(B)(2) states:

For children (age 3 to attainment of age 18), resulting in at least two of the following:

a.   Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
b.   Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of informtion from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
c.   Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of informtion from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

7

>    d.    Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P., App. 1 § 112.02(B)(2).

The question before the Court is whether the ALJ's determination to deny benefits on grounds that Plaintiff's impairment did not meet or medically equal the criteria in Listing 112.11 was based upon substantial evidence.  In determining that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, the ALJ stated:

>    [t]he claimant's representative in a Pre-Hearing Memorandum. . . asserted the claimant met or equaled the criteria for Listing 112.11A and B, but as more fully discussed <u>infra</u>, the claimant's attention deficit hyperactivity disorder as treated does not result in marked limitation in cognitive/communicative functioning or in social or personal functioning, as required to meet the "B" criteria for Listing 112.11.

ALJ Oct. 19, 2007, Determination (Tr. 26).  With this statement, the ALJ apparently combined her reasoning for denying benefits on grounds that Plaintiff's ADHD did not meet or medically equal the criteria for Listing 112.11, with her reasoning for denying benefits pursuant to the functional equivalency analysis. While the ALJ's determination with regard to Listing 112.11 did not contain explicit references to evidentiary support, her reasoning with regard to the functional equivalency analysis did contain such references.

Though different methods are employed for determining whether an impairment meets or medically equals a listing as opposed to whether the impairment is functionally equivalent to a listing, the Court is persuaded that there exists significant overlap between the two in the context of a childhood ADHD

8

impairment.  *See, e.g., Rossi v. Commissioner of Social Security*, No. 5:10cv97, 2010 WL 5313771, at 5 n.6 (N.D.N.Y. Dec. 2, 2010) (finding the functional equivalence domains to substantially overlap the four areas of functioning that make up part of the criteria for the listing).  The Court cannot conclude that the ALJ's use of such a methodology was error, especially since the existence of substantial evidence is to be determined from the record as a whole.  *Haas v. Barnhart*, 91 Fed. App'x 942, 945 (5th Cir. 2004) ("If the findings of the Commissioner are supported by substantial evidence in the record as a whole, the findings are conclusive and the decision must be affirmed).

It is evident from the ALJ's Determination that she also evaluated whether there existed a listed impairment under the 112.11 criteria of "age-appropriate cognitive/communicative function," "social functioning," or "personal functioning" under the functional equivalency domains of "acquiring and using information," "interacting and relating to others," and "caring for yourself," respectively.  ALJ October 17, 2007, Determination at p. 5-8 (Tr. 26-29).  Based upon the opinions of examining psychologists, other than Dr. Passer, as well as the opinions of others, the ALJ found that there was no marked limitation in any of these domains. Therefore, though Dr. Passer found that Plaintiff had marked or extreme limitations in all criteria under 112.11A and B, Passer Form (Tr. 240), his opinion was controverted by the medical opinion of other examining physicians, as well as other record evidence.

To the extent Plaintiff argues that the opinions of Nathan Lubin, Ph.D., were

9

consistent with the findings of Dr. Passer, this Court cannot re-weigh the findings of the ALJ or interpret the sufficiency of the medical evidence. On appeal, the court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the ALJ, *Hollis*, 837 F.2d at 1383, even if it finds the evidence preponderates against the decision, *Bowling*, 36 F.3d at 434. Conflicts in the evidence are for the ALJ to resolve, not the courts. *Patton*, 697 F.2d at 592. The Court finds that there was substantial evidence in the record to support the ALJ's finding.

In addition, the Court has considered the ALJ's finding that Plaintiff's condition was not functionally equivalent to an impairment. To the extent Plaintiff challenges the ALJ's determination as to the equivalency factors, the Court finds that there was substantial evidence in the record to support the ALJ's finding in this regard as well.

2.    *Whether the ALJ was Required to Recontact Plaintiff's Treating Physician, Dr. Passer*

When the evidence from a medical source is inadequate to determine whether the claimant is disabled, the ALJ will first recontact the medical source. *Spann v. Astrue*, No. 5:09cv64, 2010 WL 815630, at *3 (N.D. Tex. March 10, 2010) (*citing* 20 C.F.R. § 416.912(e)(1)). The ALJ "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved." 20 C.F.R. § 416.912(e)(1). However, an ALJ is only required to seek additional evidence or clarification when there exists an

ambiguity that must be resolved to determine whether the claimant is disabled. *Spann*, 2010 WL 815630, at *5 (*citing* 20 C.F.R. § 416.912(e)(1)). No ambiguity needs to be resolved where there exists substantial evidence to support the ALJ's assessment. *Id.*

> Here, the Magistrate Judge found that:
>
> Plaintiff's contention that the ALJ reached his [sic] conclusions without any expert opinion of a treating or examining physician controverting that of Dr. Passer is simply incorrect, as is Plaintiff's assertion that the ALJ's opinion is not supported by substantial evidence. Not only did the ALJ rely on the opinion of examining psychologist Dr. Lubin, but the ALJ also considered the treatment notes of Dr. Passer and the observations of examining psychologist Dr. McCarthy. Furthermore, the ALJ analyzed the opinions of the reviewing state agency physicians, as well as the testimony of Plaintiff, his mother, and statements of his teachers.

Rep. and Rec. at p. 18. As discussed above, the Magistrate Judge's conclusions in this regard apply equally to the ALJ's determination that Plaintiff's impairment does not meet or equal the criteria of a listed impairment in Listing 112.11. Moreover, Plaintiff explicitly states that he makes no objection to the Magistrate's findings of fact. Because substantial evidence, including the opinions and observations of examining psychologists, exists to support the ALJ's denial of benefits, the ALJ was not required to recontact Dr. Passer to resolve any ambiguities. *See, e.g., Hall v. Astrue*, No. 07-3030, 2008 WL 4831706, at * 10 (E.D. La. Nov. 6, 2008) (concluding that the ALJ was not required to recontact the treating physician because the record contained medical opinion evidence based on personal examination and treatment of plaintiff in the form of treatment notes from other physicians). It is unclear from Plaintiff's Objection whether he argues that

11

the ALJ should have also recontacted Dr. Kevin J. McCarthy, the psychologist retained to perform a consultative examination.  For the reasons already discussed with regard to Dr. Passer, the ALJ was not required to recontact Dr. McCarthy.

3.    *Whether the ALJ Erred in Failing to Address the Factors in 20 C.F.R. § 416.927(d)?*

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability."  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence."  *Id.* (internal quotation and citation omitted).

"Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status."  *Id.* (internal quotation and citation omitted).   "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Id.*  "The treating physician's opinions are not conclusive, and those opinions may be assigned little or no weight when good cause is shown."  *Id.*  "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the

evidence." *Id.*  Where the record is replete with reliable medical evidence

controverting a treating physician's opinions, the ALJ has no obligation to perform

a detailed analysis pursuant 20 C.F.R. § 404.1527(d)(2) before rejecting those

opinions.  *Holifield v. Astrue*, No. 09-31125, 2010 WL 4560524, at *3 (5th Cir. Nov.

10, 2010).

The factors for the ALJ to consider in assessing the weight to be accorded the

opinion of a treating physician are:

(1)     the physician's length of treatment of the claimant,
(2)     the physician's frequency of examination,
(3)     the nature and extent of the treatment relationship,
(4)     the support of the physician's opinion afforded by the medical
        evidence of record,
(5)     the consistency of the opinion with the record as a whole; and
(6)     the specialization of the treating physician.

*Id.* (*citing* 20 C.F.R. § 404.1527(d)(2)); *see also* 20 C.F.R. § 404.927(d).

The Magistrate Judge found that the ALJ was not required to detail more

exhaustively her reasons for not affording controlling weight to the opinions of Drs.

Passer and McCarthy, on grounds that there existed competing firsthand medical

evidence which contradicted their assessments.  Rep. and Rec. at p. 19-20.  The

Magistrate Judge found as follows:

> The evidence, discussed in detail above, included Dr. Lubin's examination
> of Plaintiff, medical records indicating that Plaintiff's medication was
> effective, Dr. Passer's treatment notes, and Dr. McCarthy's observations.
> The ALJ also considered both Plaintiff's and his mother's testimony about
> his everyday activities, as well as reports from Plaintiff's teachers.
> Furthermore, this Court notes that the ALJ engaged in a detailed
> discussion of the evidence supporting and opposing Dr. Passer's opinion
> and the inconsistency of Dr. Passer's opinion with the record as a whole.
> Therefore, this Court can find no error in not crediting Dr. Passer's

13

opinions.

*Id.*; *see also id.* at 20 ("As the findings expounded *supra* diverge significantly from those of Dr. Passer's and Dr. McCarthy's opinions on Plaintiff's limitations, their opinions are not consistent with the evidence as a whole, including medical evidence, and good cause existed to not afford Dr. Passer's or Dr. McCarthy's opinions controlling weight").

Plaintiff maintains in his Objection that "[i]n the instant case, there was no contrary medical opinion on the issues at bar from 'other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion.'" Mem. in Supp. of Obj. at p. 13. Because Plaintiff's Objection appears to be limited to the ALJ's determination with regard to whether the criteria for a listed impairment were met based upon the Listing 112.11 factors, and because the Court has already determined that the Magistrate Judge's Recommendation applies equally to that determination, this contention has been rendered moot. Moreover, the Court is not persuaded by any argument that the ALJ must perform a detailed analysis of the § 404.1527(d) factors in the absence of competing medical "opinions," as opposed to medical "evidence" in the form of examining physicians' observations or treatment notes. *See, e.g.*, *Zimmerman v. Astrue*, 288 Fed. App'x 931, 935-36 (5th Cir. 2008) (finding a detailed analysis of the § 404.1527(d) factors unnecessary where there existed competing medical evidence in the form of another physician's examination of the plaintiff, MRI results, and the plaintiff's own testimony); *Hall*, 2008 WL 4831706, at *10 (finding treatment notes of various physicians sufficient to constitute competing firsthand medical evidence).

The Court is also of the opinion that the record supports the conclusion that

14

the ALJ did consider the § 404.1527(d) factors, though not explicitly or sequentially, with regard to both physicians.  Thus, the ALJ applied the correct legal standard in deciding what weight to assign the opinions of Drs. Passer and McCarthy.

Plaintiff further contests the Magistrate Judge's dismissal of the ALJ's failure to comply with the Appeals Council's instructions on remand to consider the § 416.927(d) factors.  As a threshold matter, the Court questions its jurisdiction over any failure to comply with remand instructions of the Appeals Council.  "[W]hether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision."  *Walker v. Astrue*, No. 08-3666, 2009 WL 3160165, at * 14 (E.D. La. Sept. 29, 2009) (*quoting Brown v. Comm. of Social Security*, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009)).  "By denying plaintiff's request for review the [Appeals Council] implicitly f[inds] that its earlier remand order ha[s] been followed."  *Id.* (*citing Bass v. Astrue*, No. 1:06cv591, 2008 WL 3413299, at *4, n.2 (M.D. N.C. Aug. 8, 2008)).  Title 42 U.S.C. § 405(g), vests federal courts with jurisdiction only over civil actions contesting a ". . . final decision of the Commissioner after a hearing. . .," and "does not provide a federal court with authority to review intermediate agency decisions that occur during the administrative review process."  *Id.* at p. 14-15.  Nonetheless, for the reasons already stated, the Court finds that the ALJ did in fact consider the § 404.1527(d) factors, albeit in narrative form.

15

4.      *Whether Plaintiff's Noncompliance with His Medication Constitutes a Per Se Bar to Benefits*

Plaintiff objects to the Magistrate's finding that Plaintiff's failure to follow his treatment protocol precludes a finding of disability.  Under the law of this Circuit, "an impairment [that] reasonably can be remedied or controlled by medication or therapy. . .cannot serve as a basis for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (*citing* 20 C.F.R. 404.1530). Courts within this Circuit, however, have followed Social Security Ruling 82-59, which provides:

> that "before [such] a determination is made, the individual. . . will be informed of this fact and of its effect on eligibility for benefits."  SSR No. 82-59 (1982) . . . . Second, the claimant "will be afforded an opportunity to undergo the prescribed treatment or to show justifiable cause for failing to do so."  *Id.* . . .; see also 20 C.F.R. § 416.930 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled. . . .") . . . .

*Malbrew v. Astrue*, No. 09-1588, 2011 WL 595025, at * 7 (W.D. La. Jan. 21, 2011) (*quoting Halterman v. Astrue*, No. 08-0004, 2009 WL 463889, at *6 (W.D. La. Jan. 30, 2009)).

Because the Court concludes that the ALJ's determination should be upheld based upon other considerations, the denial of Plaintiff's claim for disability benefits would be appropriate irrespective of any noncompliance with prescribed treatment.

IV.  <u>CONCLUSION</u>

After thoroughly reviewing the findings in the Report and Recommendation [18], in addition to the positions advanced in Plaintiff's Motion to Reverse or Remand [11] and related pleadings, as well as in Plaintiff's Objection [19], and the

16

record, the Court finds that Plaintiff's Objection is not well taken or supported by the record, and should be overruled.  The Court further finds that, for the reasons stated herein, the Report and Recommendation [18] of Chief United States Magistrate Judge John M. Roper entered in this cause on October 14, 2010, should be adopted as the finding of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Dereia Magee's Objection [19] to the Magistrate Judge's Report and Recommendation [18] should be, and hereby is, **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Report and Recommendation [18] of Chief United States Magistrate Judge John M. Roper entered on October 14, 2010, should be and hereby is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Reverse or Remand [11] of Plaintiff Dereia Magee, should be, and hereby is, **DENIED**, and this case hereby is dismissed.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 29th day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

17